Dr. Olusegun Asekun
New York Attorney No: 4262903
Texas Bar No. 24126273
Email: info@olufairdeal.com

Olatoyosi Asekun
Missouri Attorney No. 74509
olatoyosi@olufairdeal.com

The Law Office of Olu Asekun, P.C.
5020 Mansfield Road
Arlington, Texas 76010
Telephone No: (817) 274-1144
Facsimile No: (817) 274-1101

*Attorneys for Plaintiffs*

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AYENI, PHILLIP OLADIPUPO | ) | Civil Action No. CIV-23-933-SLP |
| AYENI, OLUBUNMI OLUYEMISI | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **AND INJUNCTIVE RELIEF** |
| v. | ) | |
| UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES | ) | |
| Defendant. | | |

**COMPLAINT**

## PARTIES

1. Plaintiff Ayeni, Phillip Oladipupo is a citizen of the United States who presently resides at 15617 Stepping Stone Court, Oklahoma City, OK 73170.

2. Plaintiff Ayeni, Olubunmi Oluyemisi (**Alien Number A071-555-159**) is a British who last ilegally re-entered the United States with WB visa waiver via Canada on October 1st, 1994 and presently resides at 15617 Stepping Stone Court, Oklahoma City, OK 73170.

3. The Defendant, United States Citizenship and Immigration Services ("USCIS") is a federal agency within the Department of Homeland Security ("DHS") responsible for the administration of U.S. immigration laws.

## JURISDICTION

4. This Court has jurisdiction over the claims alleged in this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §2201.

## BACKGROUND

5. This is a constitutional challenge to the interpretation of INA 245(i), 8 U.S.C. § 1255(i) by the Defendant relating to the retroactive application of the provision to the Plaintiffs.

6. The Defendant also misinterpreted and misapplied INA 212(a)(9)(C)(i) to the Plaintiffs.

# LEGISLATIVE HISTORY OF INA 245(i)

7. Adjustment of status is generally limited to applicants who have been inspected and admitted or paroled into the United States.

8. However, in 1994, Congress determined that many close family members of legalized aliens were obliged to leave the United States so that they could apply for an immigrant visa at a consulate or embassy abroad, placing a significant administrative burden on the resources of the State Department and exposing the aliens themselves to considerable personal expense.

9. The Congress responded by enacting section 245(i) of the INA, 8 U.S.C. § 1255(i). The special adjustment provision excepted these aliens from certain admissibility requirements for adjustment of status. See 8 U.S.C. § 1255(a). It allowed the Attorney General to adjust the status of an alien who had entered the United States without inspection to that of a legal permanent resident provided that the alien (1) was admissible to the United States and the beneficiary of an immediately available immigrant visa, and (2) paid an application fee five times the usual fee. *Pub.L. No. 103-317, § 506(b), 108 Stat. 1724, 1766 (1994)*) (the special adjustment provision).

10. The 1994 law was effective for three years, from October 1, 1994, until October 1, 1997. Congress extended the availability of the special adjustment provision to aliens who were the beneficiaries of an alien relative petition filed on or before January 14, 1998. *Pub.L. No. 105-119, § 111, 11 Stat. 2440* (1997).

11. Finally, in 2000 Congress revived the special adjustment provision to include beneficiaries of an alien relative petition filed on or before April 30, 2001. LIFE Act Amendment of 2000, *Pub.L. No. 106-554, § 1502(a), 114 Stat. 2763* (2000). The 2000 provision required that the beneficiary of an alien relative petition filed after January 14, 1998, be physically present in the United States on December 20, 2000. *Id*. The special adjustment provision is codified at 8 U.S.C. § 1255(i).

12. To be grandfathered under this statute, the applicant must be "the beneficiary (including a spouse or child of the alien beneficiary if eligible to receive a visa under section 203(d) of the Act) of a visa petition or labor certification that was properly filed on or before April 30, 2001", and was "approvable when filed." 8 C.F.R. § 1245.10(a)(1)(i)(A), (B).

13. When those statutory requirements are satisfied, an applicant may apply to adjust his or her status to that of a lawful permanent resident. *See* INA § 245(i)(1), 8 U.S.C. §1255(i)(1).

14. Section 245(i) permits illegal entrants with close family ties to lawful residents or United States citizens to adjust their status to permanent resident without leaving the United States. However, to be eligible for adjustment, the alien must be admissible and eligible to receive an immigrant visa that is immediately available.

15. Section 245(i) was enacted in 1994 to provide an avenue for aliens who entered without inspection but who have access to a visa (typically an immigrant spouse of a

citizen) to legalize their status without leaving the country and incurring a long and needless separation from their family.

16. However, the Attorney General is permitted to adjust an applicant's status under this section only if "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2)(A).

17. INA 212(a)(9)(C)(i) provides that a noncitizen may be inadmissible forever and permanently ineligible to receive an immigrant or a nonimmigrant visa to come to the United States; or adjust status in the United States to that of a lawful permanent resident; be admitted to the United States at a port of entry if:

- He or she accrued an aggregate period of more than one year of unlawful presence in the United States **on or after April 1, 1997**, and then departed the United States or were removed from the United States; and
- He or she entered or attempted to reenter the United States **on or after April 1, 1997** without a DHS officer admitting or paroling him or her into the United States

18. Plaintiff Ayeni, Phillip Oladipupo is married to Plaintiff Ayeni, Olubunmi Oluyemisi and has been married to her since August 6, 1989.

19. Plaintiff Ayeni, Phillip Oladipupo filed a Form I-130, Petition for Alien Relative, on behalf of her spouse, Plaintiff Ayeni, Olubunmi Oluyemisi on April 12, 2001 and the Petition was approved on May 24, 2001.

20. Plaintiff Ayeni, Olubunmi Oluyemisi filed a Form I-485, an Application for Adjustment of Status under INA 245 on November 22nd, 2021. The Plaintiff filed form I-

485 Supplement A and paid the extra filing fees of $1000 in accordance with the provisions of INA 245(i).

21. The Defendant denied the adjustment application on the ground that the Plaintiff was not eligible for adjustment under INA 212(a)(9)(C)(i).

22. Plaintiffs believe that INA 212(a)(9)(C)(i) is not applicable to someone who re-entered the United States **prior to April 1, 1997**.

23. The Defendant's own policy, published on the defendant's website, recognize the fact that permanent ineligibility is only applicable to applicants who:

- "accrued an aggregate period of more than one year of unlawful presence in the United States **on or after April 1, 1997**, and then departed the United States or were removed from the United States; and

- You entered or attempted to reenter the United States **on or after April 1, 1997**, without a DHS officer admitting or paroling into the United States" (Emphasis added).

24. The Plaintiffs filed Form I-290B, motion to reopen and explained that the INA 212(a)(9)(C)(i) does not prevent the Plaintiff from applying for adjustment of status under INA 245(i).

25. The motion to re-open was equally denied.

26. The Plaintiffs believes that the Defendant's interpretation of the law is inacccurate.

27. The Plaintiffs does not have a right of appeal of the Defendant's decision because adjustment of status is a discretionary relief.

28. The Plaintiff Ayeni, Phillip Oladipupo believes that the Defendant's misinterpretation of the law violated his Constitutional procedural due process rights.

29. USCIS does not provide any administrative mechanism to address misinterpretation of the immigration laws. Accordingly, Plaintiffs are not required to exhaust any administrative remedies prior to bringing an action under 28 U.S.C. §1331.

30. To the extent that there is any administrative remedy, Plaintiffs have exhausted all administrative remedies in this case.

31. The Plaintiffs therefore brings this civil suit at the Federal District Court requesting the following relief:

   a. That this Court assumes jurisdiction over this matter

   b. A declaratory judgement that the INA 245(i) waives unlawful presence for an applicant who meets the requirement of INA 245(i).

   c. A declaratory judgment that a retroactive application of INA 212(a)(9)(C)(i)(I) to applicants who unlawfully entered the United States prior to April 1, 1997 is unconstitutional.

   d. Award such further and additional reflief as is just and proper.

32. The issues presented in this case are constitutional and legal in nature. It is a constitutional request by a United States citizen for the interpretation of Fedral law.

# FIRST CLAIM FOR RELIEF

# AND SUPPORTING FACTUAL ALLEGATIONS

33. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

34. The Defendant's interpretation is inconsistent with the Fourteenth amendment because it violates the Plaintiffs' due process rights.

35. Plaintiff Ayeni, Phillip Oladipupo, as an American citizen, has a right to approach a federal court to request an interpretation of a federal law where he believes that the law was misinterpreted and the misinterpretation affected him.

36. Defendant United States Citizenship and Immigration Services, as an agency of the United States government has a mandatory duty to properly interpret and apply the law to all cases.

37. The Plaintiffs have been prejudiced by the Defendants action.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that upon a hearing on the merits, this Honorable Court enter a judgment providing for the following relief:

e. That this Court assumes jurisdiction over this matter

f. A declaratory judgement that the INA 245(i) waives unlawful presence for an applicant who meets the requirement of INA 245(i).

g. A declaratory judgment that a retroactive application of INA 212(a)(9)(C)(i)(I) to applicants who unlawfully entered the United States prior to April 1, 1997 is unconstitutional.

h. Award such further and additional relief as is just and proper.

Dated: October 12, 2023

Respectfully submitted,

By: *S/Olusegun Asekun*
Dr. Olusegun Asekun
New York Attorney No: 4262903
Texas Bar No. 24126273
Email: info@olufairdeal.com

Olatoyosi Asekun
Missouri Attorney No. 74509
olatoyosi@olufairdeal.com

The Law Office of Olu Asekun, P.C.
5020 Mansfield Road
Arlington, Texas 76010
Telephone No: (817) 274-1144
Facsimile No: (817) 274-1101

**ATTORNEYS FOR PLAINTIFFS,
AYENI, PHILLIP OLADIPUPO
AYENI, OLUBUNMI OLUYEMISI**