February 8, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
4400 SW 44th Street, Suite A
Oklahoma City, OK 73119



**U.S. Citizenship and Immigration Services**

OLUSEGUN ASEKUN
LAW OFFICE OF OLU ASEKUN PC
5020 MANSFIELD ROAD
ARLINGTON, TX 76017

IOE0919122949

RE: OLUBUNMI OLUYEMISI AYENI
I-290B, Notice of Appeal or Motion

A071-555-159

## DECISION

On January 25, 2023, you filed a Form I-290B, Notice of Appeal or Motion, with U.S. Citizenship and Immigration Services (USCIS) as a motion to reopen and/or reconsider the decision on a Form I-485, Application to Register Permanent Residence or Adjust Status. USCIS denied the Form I-485, receipt number IOE0914300042, on November 30, 2022.

Title 8 Code of Federal Regulations (8 CFR), section 103.5(a) states, in pertinent part, that:

> (2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:
>
> (i) The requested evidence was not material to the issue of eligibility;
> (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period;or
> (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.
>
> (3) ...A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

After a thorough review, we cannot approve your motion for the following reason(s):

USCIS received your motion to reopen and to reconsider on January 25, 2023. You indicated you are 245(i) eligible therefore not subject to INA 212(a)(9)(C)(i)(II). USCIS indicated previously that in

order to adjust status that an applicant for adjustment of status under INA 245(a) must establish that he or she is not subject to the INA 212(a)(9)(C)(i)(II) inadmissibility ground relating to entering or attempting to reenter the United States without being admitted after having been previously removed from the United States, and INA 212(a)(9)(A) inadmissibility ground relating to having been previously removed.

According to USCIS records, you were removed from the United States through Dallas Forth Worth to the United Kingdom on August 26, 1994. The record indicates that, after this date, you reentered the United States at an unknown Port-of-Entry on October 1, 1994, approximately 1 month later. At that time, you were not inspected and admitted, or inspected and paroled. Additionally, USCIS records indicate that on July 30, 1997, you filed Form I-212, Application For Permission to Reapply for Admission Into the United States After Deportation or Removal, which was denied on December 29, 1997.

Returning to the United States unlawfully stops the running of the section 212(a)(9)(A) consent to reapply period. 8 CFR 212.2(a); cafe. 47 Fed. Reg. 44233, 44233(1982). An applicant can apply for consent to reapply under section 212(a)(9)(A) in connection with an adjustment application. See 8 CFR 212.2(e). But the Board of Immigration Appeals has held that 8 CFR 212.2 does not apply to applications for consent to reapply under INA 212(a)(9)(C), and such consent is available only if the applicant is outside the United States and has been abroad for at least 10 years. Matter of Torres-Garcia, 23 I&N Dec. 866 (BIA 2006). Therefore, you are not qualified to adjust status because you illegally reentered the United States after having been removed.

The evidence you submitted with this motion does not overcome the reason(s) for the denial of your application or petition.

We hereby dismiss the Form I-290B, Notice of Appeal or Motion. The decision to deny the Form I-485, Application to Register Permanent Residence or Adjust Status, case IOE0914300042, is affirmed.

This decision is without prejudice to future applications filed with the appropriate USCIS office.

Sincerely,

*Bruce Paulin* (signature)

Bruce A. Paulin
Field Office Director

OLUSEGUN ASEKUN